ROBINSON *v.* CALDWELL.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF IDAHO.

No. 162. Submitted January 19, 1897. — Decided February 1, 1897.

The judiciary act of 1891 does not give the defeated party in a Circuit
Court the right to have his case finally determined on the merits both in
this court and in the Circuit Court of Appeals.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Dickinson* for appellant.

*Mr. Charles A. Maxwell, Mr. George S. Chase* and *Mr. James W. Reid* for appellee.

MR. JUSTICE HARLAN delivered the opinion of the court.

This suit was brought on the 20th day of October, 1893, by Caldwell against Robinson in the District Court of the Second Judicial District of the State of Idaho.

It appears from the complaint that the plaintiff claimed to be the owner of a certain tract of land in Idaho, containing six hundred and forty acres, and that the validity of his title depended partly, if not altogether, upon the construction of a treaty made between the government of the United States and the Nez Perce Indians on the 11th day of June, 1855. 12 Stat. 957. It also appears that there was drawn in question in the Circuit Court the constitutionality of the act of Congress of March 3, 1873, c. 324, 17 Stat. 627.

A temporary injunction was issued in the cause, enjoining the defendant and his servants, counsel and agents, and all others acting in his behalf, from interfering or intermeddling with the plaintiff in the control and peaceable possession of the lands and premises described in the complaint.

Upon a petition subsequently filed in the state court by the defendant, the cause was removed into the Circuit Court of

the United States for the District of Idaho, Northern Division. By stipulation of the parties the case was transferred to the Central Division of that court.

The case was heard in the Circuit Court of the United States upon a motion to dissolve the injunction, and also, pursuant to a stipulation of the parties, upon the merits. A final decree was rendered adjudging the plaintiff to be the true and lawful owner of an undivided one half interest in the land described in the complaint, and that his title be quieted against the claims, demands and pretensions of the defendant, whom the decree perpetually estopped from setting up any claim to said land or to any part thereof, as described in the decree. 59 Fed. Rep. 653. From this decree the defendant asked and was allowed an appeal to this court. The citation on this appeal was served July 21, 1894.

It is conceded that the appellant also prosecuted an appeal to the Circuit Court of Appeals, which determined the case February 4, 1895, in favor of the plaintiff — the opinion of that court being delivered by Judge Gilbert. 29 U. S. App. 468.

The opinion of Judge Beatty in the Circuit Court and of Judge Gilbert in the Circuit Court of Appeals both show that the respective courts considered all the questions in the case requiring a construction of the treaty of 1855, and involving the validity of the act of March 3, 1873.

The case was not brought to this court from the Circuit Court of Appeals upon *certiorari*, but is here upon appeal directly from the final decree in the Circuit Court of the United States.

Upon the present appeal a question is raised by the appellant as to the jurisdiction of the Circuit Court of the United States, the contention being that the plaintiff could not have brought an original suit in the Circuit Court of the United States, and, therefore, that the case was not removable from the state court. *Tennessee* v. *Union & Planters' Bank*, 152 U. S. 454; *Chappell* v. *Waterworth*, 155 U. S. 102. But no such question has been certified to this court, nor does it appear to have been raised either in the Circuit Court or in the Circuit Court of Appeals.

In *McLish* v. *Roff*, 141 U. S. 661, 668, the court said that after a final judgment in the Circuit Court, "the party against whom it is rendered must elect whether he will take his writ of error or appeal to the Supreme Court upon the question of jurisdiction alone, or to the Circuit Court of Appeals upon the whole case; if the latter, then the Circuit Court of Appeals may, if it deem proper, certify the question of jurisdiction to this court."

In *United States* v. *Jahn*, 155 U. S. 109, 114, it was said: "(1) If the jurisdiction of the Circuit Court is in issue and decided in favor of the defendant, as that disposes of the case, the plaintiff should have the question certified and take his appeal or writ of error directly to this court; (2) If the question of jurisdiction is in issue, and the jurisdiction sustained, and then judgment or decree is rendered in favor of the defendant on the merits, the plaintiff, who has maintained the jurisdiction, must appeal to the Circuit Court of Appeals, where, if the question of jurisdiction arises, the Circuit Court of Appeals may certify it; (3) If the question of jurisdiction is in issue, and the jurisdiction sustained, and judgment on the merits is rendered in favor of the plaintiff, then the defendant can elect either to have the question certified and come directly to this court, or to carry the whole case to the Circuit Court of Appeals, and the question of jurisdiction can be certified by that court; (4) If in the case last supposed the plaintiff has ground of complaint in respect of the judgment he has recovered, he may also carry the case to the Circuit Court of Appeals on the merits, and this he may do by way of cross appeal or writ of error if the defendant has taken the case there, or independently, if the defendant has carried the case to this court on the question of jurisdiction alone, and in this instance the Circuit Court of Appeals will suspend a decision upon the merits until the question of jurisdiction has been determined; (5) The same observations are applicable where a plaintiff objects to the jurisdiction, and is, or both parties are, dissatisfied with the judgment on the merits."

In *Chappell* v. *United States*, 160 U. S. 499, 509, in which the constitutionality of an act of Congress was drawn in ques-

tion, the court said : "No question of jurisdiction having been separately certified or specified, and the writ of error having been allowed without restriction, this court, under the other clause of the statute, above cited, [§ 5,] has appellate jurisdiction of this case as one in which the constitutionality of a law of the United States was drawn in question ; and, having acquired jurisdiction under this clause, has the power to dispose, not merely of the constitutional question, but of the entire case, including all questions, whether of the jurisdiction or of merits."

As the construction of a treaty made under the authority of the United States and the constitutionality of an act of Congress were drawn in question in the Circuit Court, this court could have taken cognizance of the case upon the appeal from the Circuit Court, and determined those questions ; and having thus acquired jurisdiction of the cause, it could have determined any question of the jurisdiction of the Circuit Court appearing upon the record, whether certified or not. 26 Stat. 826, c. 517, § 5. But the defendant elected to prosecute also an appeal to the Circuit Court of Appeals, and that court considered and determined the whole case upon its merits.

It was not the purpose of the judiciary act of 1891 to give a party who was defeated in a Circuit Court of the United States the right to have the case finally determined upon its merits both in this court and in the Circuit Court of Appeals. As no question of jurisdiction was certified by the Circuit Court, and as the defendant chose not to await the action of this court upon the appeal to it from the Circuit Court, but invoked the jurisdiction of the Circuit Court of Appeals upon the whole case, he must be held to have waived his right to any decision here upon his direct appeal from the Circuit Court.

We are of opinion that the present appeal must be dismissed. After the final decree upon the merits in the Circuit Court of Appeals, this court, under the circumstances stated, could properly take cognizance of the case, in respect of any question involved in it, only upon *certiorari*.

*Appeal dismissed.*