## ·AYRES *v.* POLSDORFER.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 89. Argued November 13, 1902.—Decided January 5, 1903.

When the jurisdiction of the Circuit Court of the United States is invoked solely on the ground of diversity of citizenship, two classes of cases can arise, one in which the questions expressed in section 5 of the Judiciary Act of 1891 appear in the course of the proceedings and one in which other Federal questions appear. Cases of the first class may be brought to this court directly or may be taken to the Circuit Court of Appeals; but if they are taken to the latter court they cannot then be brought here. Cases of the second class must be taken to the Circuit Court of Appeals and its judgment will be final. *Loeb* v. *Columbia Township Trustees*, 179 U. S. 47, followed, and *Northern Pacific Railway Co.* v. *Amato*, 144 U. S. 471, distinguished.

EJECTMENT and trespass brought in the Circuit Court of the United States, Western Division of the Western District of Tennessee, for the recovery of lands and damages. Part of the land is an island in the Mississippi River. The declaration was in the usual form, and the ground of jurisdiction in the Circuit Court was diversity of citizenship, expressed as follows:

"The plaintiffs, who are citizens of the State of Indiana, residing in Evansville, therein, complain of the defendants, Joe

C. Marley, Thomas Price, E. J. Roy, T. A. Roy, L. L. Coleman and E. M. Ayres, who are citizens of the State of Tennessee, residing in the Western Division of the Western District thereof, in an action of trespass and ejectment."

The declaration alleged ownership in fee of the plaintiffs (defendants in error here) and their possession, and alleged the entry of the defendants as follows.:

"And the plaintiffs being so entitled to the said property, and so in possession thereof, the said defendants, to wit, on the said October 1st, 1898, at the said county of Lauderdale, unlawfully and without right entered into and upon the said premises, and falsely and unjustly set up title thereto, as in them respectively, and cut timber therefrom and removed the same, and exercised acts of ownership thereof under such false and unjust claim of title, and denied and refused to recognize the claim of these plaintiffs to the title, or their possession thereunder, and wholly refused to admit and repudiated the same, as they still do."

Judgment for the recovery of the land was prayed and $3000 damages.

Price pleaded not guilty. The plaintiff in error also pleaded not guilty, and "that plaintiff's action accrued more than seven years before suit brought." Against the other defendants no judgment was sought.

Upon the issues thus joined the jury found for the plaintiffs (defendants in error) as follows :

"That they find that the plaintiffs are the owners in fee and entitled to and in possession of the following lands, situated in Lauderdale County, Tennessee, to wit: . . ."

They also further found—

"That the plaintiffs are the owners in fee, and entitled to all the accretions and alluvion formed by the Mississippi River in front of the said three (3) tracts of land above described, the same being and constituting all the land added by accretion and alluvion to the river front, as such front of the said three tracts of land existed on the Mississippi River when the said tracts of land respectively were granted, and extending from and including all the accretions and alluvion in front thereof,

from the line on the river of the tract first mentioned above, furthest up stream.

\* \* \* \* \* \* \* \*

"As to the other land herein sued for not embraced in the above descriptions, the jury finds the plaintiffs are not entitled to the same."

Judgment was entered in accordance with the verdict. To this judgment plaintiff in error sued out a writ of error from the Circuit Court of Appeals of the Sixth Circuit, which was dismissed upon the motion of defendants in error, on the ground that there had been no summons and severance of the defendant Thomas Price. 105 Fed. Rep. 737. A petition for rehearing was filed but denied. This writ of error was then sued out.

The assignments of error are as follows:

"1. The court erred in dismissing the writ of error of petitioner upon the ground that the judgment was against two jointly, and that they did not join in the appeal.

"2. The court erred in dismissing the petition for rehearing made by this petitioner.

"In support of this assignment he submits herewith counsel's brief No. 2.

"3. The court erred in refusing to entertain jurisdiction of this cause and not reversing it upon the merits. And in support of this he refers to the assignment of error Record pp. 266, 273 and submits herewith his counsel's brief thereon No. 3.

"The ground of this application is that the record in this cause shows that petitioner claimed under muniments of title from the State of Arkansas and Polsdorfer and wife and also Price claimed under muniments of title from the State of Tennessee. In other words, petitioner claims that he has a right to the writ of error under the Constitution of the United States, article 3, section 2."

*Mr. Thomas B. Turley* and *Mr. J. B. Heiskell* for plaintiff in error. *Mr. C. W. Heiskell* was with them on the brief.

*Mr. Wassell Randolph* for defendants in error. *Mr. William M. Randolph* and *Mr. George Randolph* were with him on the brief.

Mr. Justice McKenna, after making the foregoing statement, delivered the opinion of the court.

A motion is made to dismiss on the ground that the judgment of the Circuit Court of Appeals was final, and therefore it is not reviewable by writ of error from this court.

Interpreting the Judiciary Act of 1891, we said, in *McLish* v. *Roff*, 141 U. S. 661, 666, that its purpose was to provide "for the distribution of the entire appellate jurisdiction of our national judicial system, between the Supreme Court of the United States and the Circuit Court of Appeals, therein established, by designating the classes of cases in respect to which each of those two courts shall respectively have final jurisdiction."

But special questions arose. It was provided in section 6 that the judgments and decrees of the Circuit Court of Appeals should be final in all cases in which *jurisdiction* was dependent entirely upon diversity of citizenship. What jurisdiction was meant and what would be the effect if Federal questions should appear in the proceedings after the commencement of the case? The questions were answered in *Colorado Mining Co.* v. *Turck*, 150 U. S. 138.

In that case the jurisdiction of the Circuit Court was invoked on the ground of diversity of citizenship, but the defendant claimed to have set up in defence a Federal question arising under section 2322 of the Revised Statutes of the United States, and on that ground insisted that the judgment of the Circuit Court of Appeals in the case was not final. Rejecting the contention and dismissing the writ of error, this court held that before the defence under section 2322 of the Revised Statutes had been set up jurisdiction had "already attached and could not be affected by subsequent developments." Jurisdiction, it was said, "depended entirely upon diverse citizenship when the suit was commenced, and to that point of time the inquiry must necessarily be referred." The same idea was expressed in sub-

sequent cases though in somewhat different language. But a distinction was not precisely made between the questions embraced in section 5 and other Federal questions. That distinction was presented in *Loeb* v. *Columbia Township Trustees*, 179 U. S. 472.

The case was an action upon bonds issued by the township for the purpose of raising money to meet the cost of widening and extending a certain avenue within its limits. There was a demurrer to the petition, and it appeared from the opinion of the court that one of the points raised on the demurrer was that the act of the general assembly, under and by virtue of which the bonds were issued, contravened the Constitution of the United States, and therefore the bonds were void. The case came directly from the Circuit Court to this court. A motion was made to dismiss for want of jurisdiction. The motion was denied, notwithstanding the petition in the Circuit Court showed that the parties were citizens of different States and stated no other grounds of jurisdiction. If nothing more appeared, it was said, bearing upon jurisdiction, " it would be held that this court was without authority to review the judgment of the Circuit Court." But as we have seen, the claim had been made in the Circuit Court by the defendant that the statute of Ohio, by the authority of which the bonds were issued, was in contravention of the Constitution of the United States. It was contended that such claim made by the defendant was not sufficient to give this court jurisdiction, upon a writ of error, to review the final judgment of the Circuit Court sustaining such claim. It was answered, " such an interpretation of the fifth section is not justified by its words. Our right of review by the express words of the statute extends to ' any case' of the kind specified in the fifth section." And this view was affirmed in *Huguley Manufacturing Company* v. *Galeton Cotton Mills*, 184 U. S. 290.

In *Robinson* v. *Caldwell*, 165 U. S. 359, it has been decided that " it was not the purpose of the Judiciary Act of 1891 to give a party who was defeated in a Circuit Court of the United States the right to have the case finally determined upon its merits both in this court and in the Circuit Court of Appeals."

This was affirmed in *Loeb* v. *Columbia Township Trustees*. It was there observed that the plaintiff in that action could have carried the case to the Circuit Court of Appeals, but had he done so, " he could not thereafter have invoked the jurisdiction of this court upon another writ of error to review the judgment of the Circuit Court."

Therefore when the jurisdiction of the Circuit Court is invoked solely on the ground of diversity of citizenship two classes of cases can arise, one in which the questions expressed in section 5 appear in the course of the proceedings and one in which other Federal questions appear. Cases of the first class may be brought to this court directly or may be taken to the Circuit Court of Appeals. But if taken to the latter court they cannot then be brought here. Cases of the second class must be taken to the Circuit Court of Appeals and its judgment will be final. The case at bar falls under one or under the other of those classes.

The declaration was ejectment and trespass in the form used in the local practice. The only ground of jurisdiction was that the plaintiffs were citizens of the State of Indiana, and the defendants were citizens of the State of Tennessee. The answers were simply traverses in statutory form of the wrongs alleged in the declaration. The plaintiffs in the case recovered, and the plaintiff in error here carried the case to the Circuit Court of Appeals. The Federal question arose in the course of the proceedings in the Circuit Court, and is claimed to have been and to be based on grants of lands from different States, the conflict arising between grants from the State of Tennessee to defendants in error and to Price, under which they respectively claimed title, and a tax deed introduced in evidence by plaintiff in error, which was made by the officials of Mississippi County, Arkansas, and under which deed he claimed title. Granting, for argument's sake, there was an opposition of grants within the meaning of the provision of the Constitution defining the judicial power of the United States, it would seem to bring the case within the doctrine of *Loeb* v. *Columbia Township Trustees*, both as to the question raised and the manner of its review, and the plaintiff in error, having sued out a writ of error from

the Circuit Court of Appeals, cannot now come to this court upon another. The plaintiff in error, however, denies that this consequence results from *Loeb* v. *Columbia Township Trustees,* and insists that the principle of the case justifies the present writ of error. The argument is that, when a Federal question not embraced in section 5 is disclosed by defendant's plea, or by subsequent proceedings, and there is judgment against the defendant, if he be denied the right to carry the case from the Circuit Court of Appeals to this court, the "result would be contrary to the principle laid down in *Loeb* v. *Columbia Township Trustees.*" And it is insisted "there are cases of Federal jurisdiction which are not embraced under section 5 of the act of 1891, in which the judgment or decree of the Circuit Court of Appeals is not final under section 6 of said act;" and *Northern Pacific Railway Co.* v. *Amato,* 144 U. S. 465, 471, and *Union Pacific Railway Co.* v. *Harris,* 158 U. S. 326, are cited as examples. It is said that "in these [those] cases the declaration or complaints disclosed that the original jurisdiction of the Circuit Court was invoked on account of diverse citizenship, but they further disclosed that the defendants were corporations organized under the laws of the United States." It is then asked:

"Suppose a ground of Federal jurisdiction not embraced in section 5 of the act of 1891, and in which the judgment or decree of the Circuit Court of Appeals is not conclusive, is first disclosed by defendant's plea, or by subsequent proceedings, in a case in which the original jurisdiction of the Circuit Court was invoked solely on the ground of diverse citizenship, or on one of the other grounds in which the decision of the Circuit Court of Appeals is final. If, in such case, there was a judgment against the defendant, and he carried the case by writ of error or appeal to the Circuit Court of Appeals, and judgment was there rendered against him, and he then sought to bring the case to this court by writ of error or appeal, how would it stand in this court?"

Answering the question, counsel say if the doctrine of *Mining Co.* v. *Turck* be enforced, and the writ of error dismissed, the result would be that "wherever a case involved two grounds

of Federal jurisdiction, neither of which is embraced in section 5 of the act of 1891, and as to one of which the judgment or decree of the Circuit Court of Appeals is final, and as to the other is not final, then the plaintiff suing in the Circuit Court can, by invoking its jurisdiction solely on the ground as to which the judgment or decree of the Circuit Court of Appeals will be final, deprive the defendant of the right given him to carry the case from the Circuit Court of Appeals to this court by writ of error or appeal. Such a result would be contrary to the principle laid down in *Loeb* v. *Columbia Township Trustees, supra,* which case, it will be seen, discountenances the idea that one party can, by the method or way in which he brings his suit, deprive the other of a right of review by this court."

We have quoted at length from counsel to exhibit their contention in full.

The contention has been answered by that which we have already said. Besides, counsel are wrong in their premises. *Northern Pacific Railway Co.* v. *Amato* and *Union Pacific Railway Co.* v. *Harris* were not cases in which the jurisdiction was invoked on the grounds of diversity of citizenship. The first was brought in a state court and removed to the Circuit Court of the United States, on the ground that being a case against a corporation created by Congress, the suit arose under a law of the United States. The other case was brought in the Circuit Court of the United States and the Federal character of the corporation, following previous authority, was held to have constituted a ground of jurisdiction independent of the citizenship of the parties. We questioned the consistency of the reasoning upon which the conclusion was based, but recognized and yielded to authority, and we assigned the case to that class of cases which was not dependent solely upon diversity of citizenship.

*Loeb* v. *Columbia Township Trustees* does not hold broadly that the plaintiff, " by the method or way in which he brings his suit," can " deprive the other of a right to review by this court." It only denies the right of review of the merits in this court and in the Circuit Court of Appeals, and the limitation is

reasonable considering the purpose of the statute. Its purpose was undoubtedly to hasten the results of litigation and to relieve this court of its burden of cases. This could only be accomplished through the medium of another appellate tribunal. And of what cases it should have jurisdiction and its relation to this court, were naturally expressed in general language. Interpretation, as we have said, was soon demanded and responded to, and the appellate power of this court and that of the Circuit Court of Appeals definitely assigned. If the assignment leaves some cases unreviewable by this court, it, by that very effect, fulfills the purpose of the act of 1891. Against the assignment reasons of course may be urged, and counsel has seen and forcefully presented them.

Another argument is used by plaintiff in error to bring this case within *Northern Pacific Railway Co.* v. *Amato, Union Pacific Railway Co.* v. *Harris,* and *Loeb* v. *Columbia Township.* It is, that the Federal question raised, to wit, the claim of grants under different States, does not involve the construction or application of the Constitution of the United States, and therefore is not within that clause of section 5 which provides for appeal or writ of error direct to this court. To so hold, it is claimed, would make all the other divisions of section 5 but nominal, and make all the cases arising under them involve the construction of the Constitution of the United States. That, it is claimed, was not the purpose of the section, "upon the familiar principle that the enumeration of six particular classes is a limitation upon the scope and effect of each particular class."

That clause, therefore, it is finally said, does not embrace the cases included in the other clauses. And extending the argument, it is further said :

"It does not embrace cases of diverse citizenship, nor cases between citizens of the United States and aliens, nor patent cases, nor revenue cases, in which the United States is a party, nor criminal cases involving a crime less than capital or infamous, nor admiralty cases, for all these cases are provided for in section 6 of said act.

"The Constitution of the United States gives the courts of

the United States jurisdiction in cases between citizens of different States, and between citizens of the same State, claiming lands under grants from different States.

"If 'the construction or application of the Constitution of the United States,' as used in section 5 of the act of 1891, does not embrace cases between citizens of different States, upon what ground can it be said to embrace cases between citizens of the same State claiming under grants of different States?

\*　　\*　　\*　　\*　　\*　　\*　　\*　　　·\*

"Parties claiming under grants from different States are allowed to come into the Federal court in order to obtain an impartial trial. The question as to the validity of the grants we may say never depended upon any construction of the Constitution of the United States. Hence it is, we insist, that not being enumerated specifically in section 5 of the act of 1891, cases of parties claiming under grants of different States are not embraced therein, nor are they embraced in the classes of cases enumerated in section 6 of the act of 1891, in which the judgment and decree of the Circuit Court of Appeals is final. If we are right in this the result is that the writ of error should be maintained, it being sufficient under the case of *Loeb* v. *Columbia Township Trustees* that the question appears definitely elsewhere in the record."

The contention seems to be opposed to the assignments of error. The third assignment of error is " that the record in this cause shows that petitioner claimed under muniments of title from the State of Arkansas and Polsdorfer and wife and also Price claimed under muniments of title from the State of Tennessee. In other words, petitioner claims that he has a right to the writ of error under the Constitution of the United States, article 3, section 2."

But we may pass that, as we are not called upon to concede or deny that a case in which conflicting grants from different States to citizens of different States appear is one arising under the Constitution of the United States. If it be such a case it should be brought here directly from the Circuit Court, and *Loeb* v. *Columbia Township Trustees* applies. If it be not such a case, the other cases which we have cited apply. There is

nothing to the contrary in *Northern Pacific Railway Co.* v. *Amato* or *Union Pacific Railway Co.* v. *Harris.* In such cases it always appears at the outset that one of the parties is a Federal corporation.

The final contention of plaintiff in error is that the principle of *Mining Co.* v. *Turck*, and kindred cases, is based " to a great extent on the doctrine that the act of 1891 was not intended to give a party, defeated in the Circuit Court, the right to have his case determined upon its merits both in this court and in the Circuit Court of Appeals." And that "plaintiff in error has had no trial on the merits in the Circuit Court of Appeals or in this court." This is claimed because the Circuit Court of Appeals dismissed the case on the ground that Price, who was a defendant in the Circuit Court, was not made a party to the writ of error, nor as to him had there been summons and severance.

That the ruling was error we are not called upon to say. Granting it to have been error, we are powerless to review it. The expression as to the determination of a case "upon its merits" was used in distinction to the review of a question of jurisdiction, strictly so-called—the right of the Circuit Court to entertain the case at all. As to such questions, other rules apply than those we have expressed in this opinion. It was not intended to decide that the Circuit Court of Appeals must hear the case on the merits in the broad sense of that expression, disregarding every error committed in seeking a review by that court. Nor was it intended to deprive that court of the power to determine whether the conditions of its right to review the case had been properly observed.

It follows that the writ of error must be dismissed.

Apparently apprehending this result, plaintiff in error applied at the hearing on motion and petition filed October 9, 1902, for the writ of certiorari as under section 6 of the act of March 3, 1891.

Judgment was entered below December 7, 1900, and petition for rehearing denied February 23, 1901. This writ of error was brought April 15, 1901, and the record filed here and the cause docketed April 29, 1901.

In these circumstances we must decline to entertain the application.

*Motion for certiorari denied. Writ of error dismissed.*