# BONIN *v.* GULF COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 50. Argued March 16, 1905.—Decided April 24, 1905.

In an action of ejectment plaintiff pitched his claim solely on a patent from the United States; defendant removed the action to the Circuit Court on the ground of diverse citizenship and obtained a verdict and judgment on the plea of prescription after nonsuit on plea of *res judicata;* the judgment was affirmed by the Circuit Court of Appeals. *Held*, that the judgment was final and the writ of error must be dismissed. The jurisdiction of the Circuit Court rested solely on diverse citizenship, the assertion of title under patent from the United States presented no ques-

tion in itself conferring jurisdiction, and plaintiff's petition did not assert, in legal and logical form, if at all, the existence of any real controversy as to the effect or construction of the Constitution or of any law or treaty of the United States constituting an independent ground of jurisdiction.

THE facts are stated in the opinion.

*Mr. Branch K. Miller* for plaintiffs in error.

*Mr. Edgar H. Farrar, Mr. B. F. Jonas* and *Mr. Ernest B. Kruttschnitt* for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a petitory action for real property, or an action of ejectment, brought by the heirs of Gonsoulin, plaintiffs in error, against the Gulf Company, defendant in error, in the District Court of St. Mary's Parish, Louisiana, where the land was situated. The petition alleged that a grant or concession by the Spanish Government was originally made to Dubuclet, St. Clair and Gonsoulin in 1783, and that the interest of Dubuclet and St. Clair were conveyed to the heirs of Gonsoulin after 1808.

That the United States Government issued a patent to the heirs of Gonsoulin, and that petitioners' "claim by said grant and concession covering said lands, dates back to the year seventeen hundred and eighty-three or thereabouts, and said concession was recognized and confirmed by the United States Government after proper and legal surveys had defined the boundaries and segregated said grants."

That said lands were "now in the possession of and illegally detained and held by the Gulf Company, a body corporate organized under the laws of the State of New Jersey, domiciled in the State of New Jersey."

The Gulf Company filed its petition for the removal of the cause, alleging that it was, at the time the suit was brought, and when the petition was filed, a citizen of New Jersey, and

that the heirs of Gonsoulin were citizens of the State of Louisiana. The cause was removed accordingly, and plaintiffs filed in the Circuit Court an amended and supplemental petition, stating that all the plaintiffs were citizens of Louisiana, and that defendant was a citizen of New Jersey, and praying that petitioners "be recognized as the true and lawful owners of the said property described in the patent, letters patent, or grant, issued to Dautrieve Dubuclet, Benoist de St. Clair and Francois Gonsoulin by the United States of America, on August 21, 1878," and that they be put in possession.

Plaintiffs pitched their title solely on this patent. Defendant for peremptory exception pleaded the prescription of ten years; the prescription of thirty years; and *res judicata.*

On the trial the Circuit Court charged the jury to find for defendant on the pleas of prescription, and non-suited defendant on the plea of *res judicata.* Verdict was returned, and judgment entered accordingly, and the case having been carried to the Circuit Court of Appeals for the Fifth Circuit, the judgment was affirmed. 116 Fed. Rep. 251.

The jurisdiction of the Circuit Court rested alone on diversity of citizenship. The assertion of title under a patent from the United States, presented no question, which, of itself, conferred jurisdiction. *Florida Central Railroad Company* v. *Bell,* 176 U. S. 321, 328. No dispute or controversy as to the effect or construction of the Constitution, or of any law, or treaty of the United States, on which the result depended, appeared by the record to have been really and substantially involved, so that it could be successfully contended that jurisdiction was invoked on the ground that the suit arose under Constitution, law, or treaty. *Arbuckle* v. *Blackburn,* 191 U. S. 405.

On the pleadings and evidence, the questions in the Circuit Court were questions of prescription, and of *res judicata;* in the Circuit Court of Appeals, of prescription; and plaintiffs' petitions did not assert, in legal and logical form, or at all, the existence of a real controversy, in itself, constituting an independent ground of jurisdiction.

The judgment of the Circuit Court of Appeals was, therefore, final, and the writ of error must be dismissed.

The judgment was entered in the Circuit Court of Appeals May 27, 1902; this writ of error was allowed May 22, 1903; and the case was docketed here June 1, 1903.

Plaintiffs in error filed a petition for certiorari herein, February 17, 1905, which was submitted February 27, and its consideration postponed to the hearing on the merits. In our opinion that writ should not be granted. *Ayres* v. *Polsdorfer,* 187 U. S. 595.

*Writ of error dismissed; certiorari denied.*