# KANSAS CITY NORTHWESTERN RAILROAD COMPANY
## *v.* ZIMMERMAN.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 231.  Submitted April 28, 1908.—Decided June 1, 1908.

Where the ground on which the jurisdiction of the Circuit Court was denied did not go to its jurisdiction as a Federal court as such, but its jurisdiction was denied on the ground that the state court where the proceedings started had no jurisdiction, a direct appeal on the jurisdictional question will not lie to this court under § 5 of the Judiciary Act of 1891.

It is not open to a defendant who has secured a removal and successfully resisted a motion to remand to raise the question that the removal was improper on a certificate of jurisdiction to this court under § 5 of the Judiciary Act of 1891.

Appeal from 144 Fed. Rep. 522, dismissed.

THE facts are stated in the opinion.

*Mr. Balie Peyton Waggener* for appellant.

*Mr. John H. Atwood* and *Mr. W. W. Hooper* for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity to enjoin the appellant, hereafter called the defendant, from operating its railroad over certain land in Leavenworth, formerly belonging to the plaintiff's intestate, until a judgment against the defendant's predecessor in title for the damages caused by the appropriation of the land should be paid. It appears from the bill, among other things, that the defendant's predecessor appropriated the land without regular proceedings, and in 1889 the plaintiff's intestate began an action on which he recovered a judgment on May 15, 1897;

that the defendant's predecessor had mortgaged its road in 1888; that on March, 1890, a suit to foreclose the mortgage was begun, and in 1893 there was a decree of foreclosure; and that this decree was followed (in 1894) by a sale to the defendant. It is alleged that the defendant became the successor in interest to all the rights " and as part of the consideration assumed and was subject to all the liabilities" of its predecessor, " under. and by virtue of said decree and purchase "; and again, " that under and by virtue of said decree and the ordinances of said city, said defendant assumed and agreed to pay off any and all obligations" of the earlier road. ·

The present suit was begun in a state court in May, 1899. In June the defendant removed it to the Circuit Court of the United States, on the ground that the determination of the cause involved the construction of the foreclosure decree and of the Constitution and of the laws of the United States. The bill was reformed, and the defendant demurred to the merits, and also on the ground that the state court had no jurisdiction, and .that therefore the United States court had none. The demurrer was sustained by the Circuit Court on the ground of want of jurisdiction in the state court, but on appeal by .the plaintiff the decree was reversed by the Circuit Court of Appeals and a decision rendered for the plaintiff on the merits. 144 Fed. Rep. 622. Thereupon on November 27, 1906, a decree was entered for the plaintiff. On January 17, 1907, .an appeal to this court was taken by the defendant and allowed, and on October 23 of the same year a certificate was made that the question involving the jurisdiction of the Circuit Court was in issue and decided against the defendant, and thus the case now stands.

We do not deem it necessary to discuss all the difficulties that the appellant would have to overcome in order to maintain its case. It seems from the opinion of the Circuit Court of Appeals not to have insisted on the objection to the jurisdiction there, but to have taken its chances on the merits, 144 Fed. Rep. 624, as also by its demurrer it relied mainly on the want of equity

in the bill. See *St. Louis & San Francisco Ry. Co.* v. *McBride*, 141 U. S. 127. It comes here on the purely technical proposition that, although the plaintiff is in the right court, and although the case has been heard on the merits at the defendant's invitation, the plaintiff must begin over again because he did not come into court by the right way.

If the defendant had confined its defense to a denial of jurisdiction, there would be force in the consideration that the plaintiff, not it, took the case to the Circuit Court of Appeals. But in the circumstances of this case the defendant seems to us to stand no better than it would if it had taken the appeal to the Circuit Court of Appeals. *Carter* v. *Roberts*, 177 U. S. 496, 500. *Robinson* v. *Caldwell*, 165 U. S. 359. It is suggested that the Circuit Court of Appeals had no jurisdiction, citing *American Sugar Refining Co.* v. *New Orleans*, 181 U. S. 277. But although the defendant in its petition for removal set up that the construction of the Constitution of the United States was involved, such was not the fact, and the language of the case cited does not apply.

It is enough, however, that the ground on which the jurisdiction of the Circuit Court was denied did not go to its jurisdiction as a Federal court. *Louisville Trust Co.* v. *Knott*, 191 U. S. 225. The certificate does not purport to enlarge the record, but simply to state what was in issue. The record shows that the jurisdiction of the Circuit Court was denied on the single ground that the state court where the proceedings started had none. Whether that contention was correct or not under *Wabash Railroad Co.* v. *Adelbert College*, 208 U. S. 38, it had nothing to do with the jurisdiction of the Federal court as such, or indeed, at all, except for the reason that the power of a secondary tribunal can go no higher than its source. We may add that the jurisdiction of the Circuit Court, if it existed, was ancillary to its possession of the *res*, if it had it, that the principles to be applied are of general application, 208 U. S. 54, and again these do not concern the jurisdiction of the Federal court as such.

The defendant now, after having secured a removal and after having successfully resisted a motion to remand, attempts to deny the jurisdiction of the Circuit Court on the ground that the removal was improper. It is enough to say that that question is not open under the certificate.

*Appeal dismissed.*