WEBER BROS. v. GRAND LODGE OF KENTUCKY, F. & A. M.

(Circuit Court of Appeals, Sixth Circuit.   June 25, 1909.)

No. 1,901.

COURTS (§ 382*) — FEDERAL COURTS -- JURISDICTION OF SUPREME COURT—ELECTION.

 Where, in a case removed on the ground of diversity of citizenship, the defendant subsequently raises a question of jurisdiction, and, being defeated both on that question and on the merits, takes the case for review by writ of error to the Circuit Court of Appeals, and is again defeated, the decision of such court is final, and he cannot take another writ of error to the Supreme Court.

 [Ed. Note.—For other cases, see Courts, Dec. Dig. § 382.*]

On Application for Writ of Error and Supersedeas.

For former opinion, see 169 Fed. 522.   See, also, supra.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before LURTON, SEVERENS, and WARRINGTON, Circuit Judges.

LURTON, Circuit Judge. This cause comes on now to be heard upon application for a writ of error and supersedeas. The judgment of this court is final. The jurisdiction of the Circuit Court was originally invoked solely upon diversity of citizenship. That the defendant subsequently claimed that there was no jurisdiction over their persons, because the Kentucky statute allowing constructive service was in contravention of the Constitution of the United States, presented, in one aspect, a question as to the jurisdiction of the court below. When that was decided against them, they went to trial upon the merits. They lost the case upon this line of defense. They then had to elect whether they would abandon the merits and go to the Supreme Court upon the jurisdiction, or to the Court of Appeals upon both questions. They elected to come to this court, and this court has decided for itself the question of jurisdiction, as well as the questions upon the merits. It was under no obligation to certify the question of jurisdiction, being clear in the opinion that the court below had jurisdiction. No right to a writ of error from the judgment of the Circuit Court of Appeals now exists. See United States v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87; Ayres v. Polsdorfer, 187 U. S. 585, 23 Sup. Ct. 196, 47 L. Ed. 314; Boston & Maine Ry. Co. v. Gokey, 210 U. S. 155, 28 Sup. Ct. 657, 52 L. Ed. 1002.

But if the case be not one under the first clause of the fifth section of the jurisdiction act (Act March 3, 1891, c. 517, 26 Stat. 827 [U. S. Comp. St. 1901, p. 549]), but was a case in which the validity of constructive service depended upon a statute of Kentucky which the defendants "claimed to be in contravention of the Constitution of the United States," how will the matter stand? Under Loeb v. Columbia Township Trustees, 179 U. S. 472, 21 Sup. Ct. 174, 45 L. Ed. 280, the defendants making such claim, if unsuccessful, might have carried the case to the Supreme Court from the Circuit Court. This would seem to be so, although the ground upon which the defendants removed the case from the state court into the court below was that of diversity of citizenship. The right to a writ of error from the Supreme Court was, in the case referred to, held to extend to "any case" in which it was "claimed" that a law of the state was repugnant to the Constitution, although the question was raised by the defendant only. That this defense would have been unavailable as ground for removal is of no moment in determining whether upon a final judgment, after removal, the case might have been carried to the Supreme Court.

Assuming, therefore, that the defendants might have carried their case to the Supreme Court from the Circuit Court, they did not, but brought it to this court as a case in which federal jurisdiction was dependent upon diversity of citizenship. It is too late to now invoke the jurisdiction of the Supreme Court; for, as said in more than one case, a party who might have carried his case to the Supreme Court, and does not choose to do so, cannot, after a final judgment in the Circuit Court of Appeals, have a second determination upon another writ of

error.  Robinson v. Caldwell, 165 U. S. 359, 17 Sup. Ct. 343, 41 L. Ed. 745; Loeb v. Columbia Township Trustees, 179 U. S. 472, 478, 479, 21 Sup. Ct. 174, 45 L. Ed. 280; Ayres v. Polsdorfer, 187 U. S. 585, 590, 591, 23 Sup. Ct. 196, 47 L. Ed. 314; McFadden v. United States, 213 U. S. 288, 29 Sup. Ct. 490, 54 L. Ed. ——.

The writ of error must be denied.