## PERRETTE v. ILLINOIS COMMERCIAL MEN'S ASS'N.

(District Court, W. D. Kentucky. June 26, 1920.)

Removal of causes ☞10—Suit between citizens of other states not removable.
    A suit by a citizen of one state against a citizen of another, brought in the courts of a third state, is not removable, where there has been no waiver of the venue by plaintiff.

At Law. Action by Lela B. Perrette against the Illinois Commercial Men's Association. On motion to remand to state court. Granted.

Leon P. Lewis, of Louisville, Ky., for plaintiff.
Bruce & Bullitt, of Louisville, Ky., for defendant.

WALTER EVANS, District Judge. This action was filed in the Jefferson circuit court, and upon the petition of the defendant, alleging that the plaintiff was a citizen of Kentucky and that the defendant was a citizen of Illinois, an order was made by the state court removing the action to this court. After the filing of the record here, the plaintiff entered a motion to remand the case to the state court, and by her own and other affidavits has shown that at the time the suit was brought she was, and several years previously had been, a citizen of the state of Indiana, and yet is. Upon the testimony there can be no doubt that this is the fact. This, therefore, is a suit by a citizen of Indiana against a citizen of Illinois, which was brought in a state court in Kentucky, and thence removed to this court upon the mistaken allegation that she was a citizen of Kentucky.

The motion to remand has been argued, and many authorities have been cited, upon a question which is not altogether a new one to the court. The facts are precisely analogous, so far as citizenship goes, to the facts shown in the case of Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264. This being so, we are by no means at liberty to disregard the decision in that case, which held that the case was not removable, because neither party was a citizen of the state in which the action was brought.

It is manifest from the decision in that case that the question is one largely of venue. That being so, the question is not jurisdictional, and the parties may by their conduct waive the question of venue. That is what was done in the Matter of Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, and in Kansas City N. W. R. R. Co. v. Zimmerman, 210 U. S. 336, 28 Sup. Ct. 730, 52 L. Ed. 1084. It will thus be seen that there was no conflict between the two last cases and the first one above named. In the recent case of E. H. Taylor, Jr., & Sons v. Julius Levin Co. (not for publication) there had been a manifest waiver by the plaintiff of all questions of venue respecting defendant's counterclaim, and the decision there was based upon that fact in accordance with the two cases last above cited.

There being nothing in this case indicating any waiver by the plaintiff of any question of venue, nor any submission to the jurisdiction of the court, it inevitably follows that the ruling in the Wisner Case is controlling, and that the motion to remand must be, and it is, sustained.