EVANS–SNIDER–BUEL CO. v. McCASKILL.,

(Circuit Court of Appeals, Eighth Circuit. April 2, 1900.)

No. 1,283.

1. CIRCUIT COURT—JURISDICTION—REVIEW.

The act creating the circuit courts of appeals does not give such courts jurisdiction to review a judgment of a circuit court which sustains an objection to its jurisdiction and dismisses the suit on that ground, but the plaintiff should have the question of jurisdiction certified, and take his appeal or writ of error directly to the supreme court.

2. SAME—APPEAL—CERTIFIED QUESTION.

If the question of jurisdiction is in issue, and the jurisdiction sustained, and then judgment or decree is rendered in favor of the defendant on the merits, the plaintiff, who has maintained the jurisdiction, must appeal to the circuit court of appeals, where, if the question of jurisdiction arises, the circuit court of appeals may certify it.

3. SAME—RIGHTS OF DEFENDANT.

If the question of jurisdiction is in issue, and the jurisdiction sustained, and the judgment on the merits is rendered in favor of the plaintiff, then the defendant can elect either to have the question certified and go directly to the supreme court, or to bring the whole case to the circuit court of appeals, and the question of jurisdiction may then be certified by that court.

4. SAME—CROSS APPEAL.

If, in the case last supposed, the plaintiff has ground of complaint in respect of the judgment he has recovered, he may also carry the case to the circuit court of appeals on the merits by cross appeal or writ of error if the defendant has taken the case there, or independently if the defendant has carried the case to the supreme court on the question of jurisdiction alone; and in this instance the circuit court of appeals will suspend a decision upon the merits until the question of jurisdiction has been determined.

5. SAME.

The same observations are applicable where a plaintiff objects to the jurisdiction, and is, or both parties are, dissatisfied with the judgment upon the merits.

6. SAME—CERTIFICATE TO SUPREME COURT.

The power of the circuit court of appeals to certify the question of jurisdiction to the supreme court necessarily includes the power in that court to decide the question, and in every case in which the complaining party has the right, or has and exercises the option, to carry his case to the circuit court of appeals for review, that court may decide the question of jurisdiction.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

H. M. Pollard and C. L. Mott, for plaintiff in error.

William S. Anthony and James Orchard, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. The Evans-Snider-Buel Company, the plaintiff in error, brought an action in the Eastern district of Missouri against the defendant in error, J. C. McCaskill. The plaintiff in error alleged that it was a corporation of the state of Illinois, and that McCaskill was a resident and citizen of the Eastern district of the state of Missouri. McCaskill filed a plea to the jurisdiction of the circuit court, in which he alleged that he was not at the time of filing the complaint, and had not been at any time since, a resident of that district, but that he was a resident of the Western judicial district of the state of Missouri, and prayed the court to dismiss the case against him for the reason that it was without jurisdiction thereof. The circuit court found the plea to be true, and dismissed the case against the defendant in error on the ground that it had no jurisdiction over him, because he was a resident and citizen of the Western district of Missouri. This writ of error was sued out to reverse this judgment of dismissal. The defendant in error moved to dismiss the writ on the ground that this court has no jurisdiction to determine the question it presents.

The act of March 3, 1891 (26 Stat. c. 517, p. 826), which established the circuit courts of appeals, provides in its fourth section that "the review, by appeal, by writ of error, or otherwise, from the existing circuit courts shall be had only in the supreme court of the United States or in the circuit courts of appeals hereby established according to the provisions of this act regulating the same"; in section 5, that "appeals or writs of error may be taken from * * * the existing circuit courts direct to the supreme court * * * in any case in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone shall be certified to the supreme court from the court below for decision"; in section 6, that the circuit courts of appeals "shall exercise appellate jurisdiction to review by appeal or by writ of error final decision in the * * * existing circuit courts in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law, and the judgments or decrees of the circuit courts of appeals shall be final * * * in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy, being aliens and citizens of the United States or citizens of different states, * * * excepting that in every such subject within its appellate jurisdiction the circuit court of appeals at any time may certify to the supreme court of the United States any questions or propositions of law concerning which it desires the instruction of that court for its proper decision. And thereupon the supreme court may either give its instruction on the questions and propositions certified to it, which shall be binding upon the circuit courts of appeals in such case, or it may require that the whole record

and cause may be sent up to it for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as if it had been brought there for review by writ of error or appeal," and excepting also that the supreme court might require, by certiorari or otherwise, that any case in which the decision of the circuit court of appeals was made final should be certified to it for its review and determination, with the same power and authority in the case as if it had been carried by appeal or writ of error to that court. In the case of U. S. v. Jahn, 155 U. S. 109, 114, 15 Sup. Ct. 41, 39 L. Ed. 90, the supreme court laid down the rules which determine the respective jurisdictions of the supreme court and the circuit courts of appeals under the foregoing provisions of the act of congress in these words:

"(1) If the jurisdiction of the circuit court is in issue, and decided in favor of the defendant, as that disposes of the case, the plaintiff should have the question certified, and take his appeal or writ of error directly to this court. (2) If the question of jurisdiction is in issue, and the jurisdiction sustained, and then judgment or decree is rendered in favor of the defendant on the merits, the plaintiff, who has maintained the jurisdiction, must appeal to the circuit court of appeals, where, if the question of jurisdiction arises, the circuit court of appeals may certify it. (3) If the question of jurisdiction is in issue, and the jurisdiction sustained, and the judgment on the merits is rendered in favor of the plaintiff, then the defendant can elect either to have the question certified, and come directly to this court, or to carry the whole case to the circuit court of appeals, and the question of jurisdiction can be certified by that court. (4) If in the case last supposed the plaintiff has ground of complaint in respect of the judgment he has recovered, he may also carry the case to the circuit court of appeals on the merits, and this he may do by way of cross appeal or writ of error if the defendant has taken the case there, or independently if the defendant has carried the case to this court on the question of jurisdiction alone, and in this instance the circuit court of appeals will suspend a decision upon the merits until the question of jurisdiction has been determined. (5) The same observations are applicable where a plaintiff objects to the jurisdiction, and is, or both parties are, dissatisfied with the judgment on the merits. (6) In every case in which the complaining party has the right or has and exercises the option to carry his case to the circuit court of appeals for review, that court may decide the question of jurisdiction as well as the question on the merits, for the power of that court to certify the question of jurisdiction to the supreme court assumes the power to decide it." U. S. v. Jahn, 155 U. S. 109, 113, 15 Sup. Ct. 39, 39 L. Ed. 87.

The case at bar falls under the first rule announced by the supreme court. The jurisdiction of the circuit court was in issue. It was decided in favor of the defendant. That decision disposed of the case. The supreme court had jurisdiction to review that decision under section 5 of the act of March 3, 1891, and the plaintiff in error had the right to have the question certified, and to take his appeal or writ of error directly to that court. Under section 6 of the act this court has jurisdiction to review a final decision of the circuit court only in a case other than those provided for in section 5 of the act. As this was provided for in section 5, and jurisdiction to review the judgment here was there given to the supreme court, this court has no jurisdiction to review it, and the motion to dismiss the writ must be granted. It is so ordered.