ST. LOUIS COTTON COMPRESS CO. v. AMERICAN COTTON CO.

(Circuit Court of Appeals, Eighth Circuit. September 7, 1903.)

No. 1,913.

1. JUDGMENT OF CIRCUIT COURT—WHEN REVIEWABLE BY SUPREME COURT AND BY CIRCUIT COURT OF APPEALS.

The act creating the Circuit Courts of Appeals (Act March 3, 1891, c. 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 488]) gives to the Supreme Court jurisdiction to directly review a judgment of a Circuit Court which sustains an objection to its jurisdiction and dismisses the suit on that ground, and the Circuit Courts of Appeals have no jurisdiction to review such a judgment.

2. SAME—SERVICE OF SUMMONS.

Such a judgment, founded on the inadequate service of a summons in a suit pending in a state court before the case was removed to the United States Circuit Court is directly reviewable by the Supreme Court, and the Circuit Court of Appeals has no jurisdiction to review it.

3. SAME—APPEAL—REVIEW.

The Supreme Court has jurisdiction under the act creating the Circuit Courts of Appeals to directly review questions involving the jurisdiction of the Circuit or District Courts which are common to all courts (such as the service of a summons) to the same extent and in the same manner as it has jurisdiction to review questions peculiar to the federal courts as such (such as diversity of citizenship and amount in controversy).

4. SAME.

The Supreme Court has jurisdiction to directly review the jurisdiction of the Circuit Court to the same extent and in the same manner in cases in which the jurisdiction of that court as a federal court is based solely on diversity of citizenship that it has in cases in which such jurisdiction is founded on other grounds.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

F. N. Judson and Joseph W. Lewis, for plaintiff in error.

Allen C. Orrick (G. A. Finkelnburg, Charles Nagel, and Daniel N. Kirby, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and SHIRAS, District Judge.

SANBORN, Circuit Judge. This writ of error challenges a judgment of the Circuit Court which quashed the return of the service of a summons upon the defendant, the American Cotton Company, and dismissed the action against it on the ground that the Circuit Court had acquired no jurisdiction of the defendant. The plaintiff, the St. Louis Cotton Compress Company, a corporation of the state of Missouri, filed a petition in the circuit court of the city of St. Louis in the state of Missouri to recover $32,379.60 from the defendant below, the American Cotton Company, a corporation of the state of New Jersey. A summons was issued, which was served on H. G. Krake, an employé and agent of the defendant. The case was removed to the United States Circuit Court for the Eastern District of Missouri

¶ 3. Review of jurisdiction of Circuit Courts, see note to Excelsior Wooden-Pipe Co. v. Pacific Bridge Co., 48 C. C. A. 351.

on the ground of diverse citizenship. The defendant appeared specially in that court, and moved to set aside the service of the summons and to dismiss the action for want of jurisdiction of the defendant, because at the time of the service it had no office and was transacting no business in the state of Missouri, and had no officer, agent, or employé in that state authorized to represent it or to transact any business for it there. This motion prevailed, and it is the judgment which granted it and dismissed the action that this writ of error was sued out to reverse.

The plaintiff is met at the threshold of the investigation in this court by a motion to dismiss its writ of error upon the ground that the Circuit Court of Appeals has no jurisdiction to hear or determine the question which it presents. That question is, did the United States Circuit Court acquire jurisdiction of the defendant by virtue of the service of the summons on Krake before this case was removed from the state court?

Act March 3, 1891, c. 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 488], which created the Circuit Courts of Appeals, provides in section 5 (26 Stat. 827 [U. S. Comp. St. 1901, p. 549]) that "appeals or writs of error may be taken from  *  *  *  the existing Circuit Courts directly to the Supreme Court  *  *  *  in any case in which the jurisdiction of the court is in issue," and in section 6 (26 Stat. 828 [U. S. Comp. St. 1901, p. 549]) that the Circuit Courts of Appeals "shall exercise appellate jurisdiction to review by appeal or writ of error final decision in the  *  *  *  existing Circuit Courts in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law." If, therefore, a writ of error could have been taken from the Supreme Court directly to the Circuit Court to review the question here presented under section 5 in this suit, this is not one of the other cases of which this court is given jurisdiction by section 6. Dudley v. Board of Commissioners of Lake Co., 103 Fed. 209, 43 C. C. A. 184. The rules for the distribution between the Supreme Court and the Circuit Courts of Appeals of the cases involving the jurisdiction of the Circuit Court were formulated by the Supreme Court in U. S. v. Jahn, 155 U. S. 109, 115, 15 Sup. Ct. 39, 39 L. Ed. 87, and were adopted by this court in Evans-Snider-Buel Co. v. McCaskill, 101 Fed. 658, 660, 41 C. C. A. 577, 579. The first of these rules is that the act creating the Circuit Courts of Appeals does not give the Circuit Courts of Appeals jurisdiction to review a judgment of a Circuit Court which sustains an objection to its jurisdiction and dismisses the action on that ground, but the plaintiff should have the question of jurisdiction certified, and take his writ of error or appeal directly to the Supreme Court. Counsel for the plaintiff insist that the case in hand does not fall within this rule. In support of this contention they persuasively argue (1) that it is only when the dismissal in the Circuit Court involves the jurisdiction of that court as a federal court that the Supreme Court has exclusive jurisdiction to review it, and (2) that the Circuit Courts of Appeals have jurisdiction to review a dismissal for lack of jurisdiction in every case in which the jurisdiction of the Circuit Court rests solely on diverse citizenship; and they truly say that this case does not involve the

jurisdiction of the United States Circuit Court as distinguished from the jurisdiction of any other court, and that its jurisdiction of the controversy as a federal court is founded solely on diverse citizenship. The concession must be made that, if either of their premises is sound, their conclusion logically follows.

In support of their first proposition counsel chiefly rely upon the opinions of the Supreme Court in Smith v. McKay, 161 U. S. 355, 16 Sup. Ct. 490, 40 L. Ed. 731; Blythe v. Hinckley, 173 U. S. 501, 19 Sup. Ct. 497, 43 L. Ed. 783; Mexican Central Ry. Co. v. Eckman, 187 U. S. 429, 433, 23 Sup. Ct. 211, 47 L. Ed. 245; and Huntington v. Laidley, 176 U. S. 668, 679, 20 Sup. Ct. 526, 44 L. Ed. 630. Smith v. McKay was a suit in equity. The defendant had moved to dismiss it on the pleadings upon the ground that the complainant had an adequate remedy at law. The court denied this motion, and after a final decree an appeal was taken directly to the Supreme Court, and the question whether or not the complainant had an adequate remedy at law was certified to that court as a jurisdictional question under section 5 of the act of March 3, 1891. The Supreme Court decided that it was not such a question, but that it presented an issue on the merits arising in the progress of the cause, which the Circuit Court had plenary jurisdiction to hear and determine. In Blythe v. Hinckley, 173 U. S. 501, 504, 506, 507, 19 Sup. Ct. 497, 43 L. Ed. 783, a suit in equity was dismissed by the Circuit Court on the grounds (a) that the questions presented by the complainants had been conclusively determined by the state courts, and (b) that the complainants had an adequate remedy at law. An appeal from the decree was taken directly to the Supreme Court, and that appeal was dismissed for the reason that the decision of the Circuit Court was not that it was without jurisdiction of the subject-matter or of the parties to the suit, but was that the facts disclosed by the complainants were insufficient to constitute a cause of action in equity. In Mexican Central Ry. Co. v. Eckman, 187 U. S. 429, 432, 23 Sup. Ct. 211, 47 L. Ed. 245, a guardian who was a resident and citizen of the state of Texas, and whose ward was a resident and citizen of the state of Illinois, brought an action in the United States Circuit Court for the District of Texas against the Mexican Central Railway Company, a corporation of the state of Massachusetts, and recovered a judgment. A writ of error was sued out of the Supreme Court to reverse it, and the Circuit Court certified that the jurisdictional question whether the citizenship of the guardian or that of the ward should control had arisen in the case. The Supreme Court took jurisdiction, and decided this question. In Huntington v. Laidley, 176 U. S. 668, 679, 20 Sup. Ct. 526, 44 L. Ed. 630, the Circuit Court dismissed a bill in equity on the ground that it was without jurisdiction because a question arose in the case whether or not certain proceedings in the state court rendered the rights of the plaintiff res adjudicata, but it did not hear or decide that question. The Supreme Court reversed the decree on a direct appeal, and held that the question whether or not the proceedings of the state courts had conclusively determined the rights of the plaintiff was not a jurisdictional question, and that it was the duty of the Circuit Court to hear and determine it upon its merits. There are expressions in

some of the opinions in these cases to the effect that the jurisdiction referred to in section 5 of the act creating the Circuit Courts of Appeals is the "jurisdiction of the Circuit and District Courts as such" (Mexican Central Ry. Co. v. Eckman, 187 U. S. 432, 23 Sup. Ct. 212, 47 L. Ed. 245), and that "appeals or writs of error may be taken directly from the Circuit Courts to this court in cases in which the jurisdiction of those courts is in issue—that is, their jurisdiction as federal courts—the question alone of jurisdiction being certified to this court" (Blythe v. Hinckley, 173 U. S. 501, 506, 19 Sup. Ct. 497, 499, 43 L. Ed. 783). But these statements have never been crystallized into a settled proposition of law, and they have never formed the basis of any decision. There is no decision of the Supreme Court which goes farther to sustain the contention of counsel for the plaintiff than those which have been reviewed. They do not determine the question before us for consideration. They fall far short of holding that the question whether or not a court has acquired jurisdiction of a defendant by a proper service of a summons is a question involving the jurisdiction of the Circuit Court within the meaning of section 5 of the act of March 3, 1891. That section does not limit the questions of which it treats to those which condition the jurisdiction of the federal courts as such as distinguished from those which condition the jurisdiction of all courts. It is broad and general in its terms. It contains no exception, and, as the Congress made no exception, the legal presumption is that it intended to make none, and it is not the province of the courts to enact one. Shreve v. Cheesman, 69 Fed. 785, 786, 16 C. C. A. 413, 414; Madden v. Lancaster Co., 65 Fed. 188, 12 C. C. A. 566, 573; Morgan v. City of Des Moines, 60 Fed. 208, 8 C. C. A. 569; McIver v. Ragan, 2 Wheat. 25, 29, 4 L. Ed. 175; Bank v. Dalton, 9 How. 522, 526, 13 L. Ed. 242; Vance v. Vance, 108 U. S. 514, 521, 2 Sup. Ct. 854, 27 L. Ed. 808; St. Louis, I. M. & S. Railway Co. v. B'Shears, 59 Ark. 244, 27 S. W. 2. This section declares that appeals and writs of error may be taken directly to the Supreme Court "in any case in which the jurisdiction of the court is in issue." How can it be successfully maintained that the jurisdiction of a national court is not in issue when the defendant challenges it on the ground that no proper service of a summons upon it has ever been made?

The jurisdiction of a court is the right to hear and determine a controversy between parties who have been legally brought before it for the purpose of securing a decision of the issue. The question whether or not the controversy is such that the court has the power to decide it conditions jurisdiction of the subject-matter of the litigation. The question whether or not one of the indispensable parties to the issue has been legally served with a summons to litigate it conditions the jurisdiction of the parties. And it is as essential to a lawful judgment that the court should have jurisdiction of the parties as it is that it should have power to hear and decide the controversy in issue. And here is the dividing line between the cases cited by the counsel for the plaintiff in error in which the Supreme Court held that no jurisdictional question was involved and the case before us. In those cases the subject-matters were within the jurisdiction of the court, and the

parties had been properly brought before it. The questions were not whether or not the court had the right to hear and determine the issues presented by the cases, but whether or not upon a hearing and consideration of them the complainants were entitled to relief. Where the complainants failed in the Circuit Court and the Supreme Court refused to review their failure, they failed, not for want of jurisdiction in the trial court, but for want of equity, for want of facts constituting causes of action, for want of merits in their cases. In the case at bar the plaintiff has failed, not for want of merits in its cause of action, but for want of jurisdiction, for lack of power in the Circuit Court to hear or to determine the controversy between it and the defendant, because the latter has never been legally summoned to a trial of the issue. The questions in the former cases were whether or not, in the valid exercise of their jurisdiction, the courts had rightly decided the questions determined by them. The question in this case is whether or not the Circuit Court had the power to hear or to determine any of the issues tendered by the plaintiff. The questions in the former cases were not jurisdictional questions, and the question in this case is a jurisdictional question, within the plain meaning of section 5 of the act creating the Circuit Courts of Appeals.

This conclusion finds strong support in some of the late decisions of the Supreme Court. In Shepard v. Adams, 168 U. S. 618, 623, 18 Sup. Ct. 214, 42 L. Ed. 602, the defendant challenged the jurisdiction of the United States District Court of Colorado on the ground that no legal summons had been served upon it. The court overruled the objection, and rendered judgment for the plaintiff. There was no other question in the case, and the defendant sued out a writ of error from the Supreme Court to reverse the judgment. He was met there by the same objection, founded on some expressions in the opinion in Smith v. McKay, 161 U. S. 355, 16 Sup. Ct. 490, 40 L. Ed. 731, which is interposed to the motion to dismiss this writ; that is to say, that the question whether or not there was due service of process is not one which involves the jurisdiction of a federal court as such, but one common to all courts, and hence that it is not a jurisdictional question within a proper construction of section 5. The Supreme Court overruled this objection, took jurisdiction of the case under the writ, and decided it on its merits. Counsel for the plaintiff in error seek to distinguish this case from that in hand in this way: They suggest that the question in that case was a question of the jurisdiction of the federal court as such because the summons was issued in an action pending in that court, while in the case at bar the summons was issued and served while the case was pending in the state court. But in Conley v. Mathieson Alkali Works, 23 Sup. Ct. 728, 47 L. Ed. 1113, and Geer v. Mathieson Alkali Works, 23 Sup. Ct. 807, 47 L. Ed. 1122, two cases were presented to the Supreme Court, one an action at law and the other a suit in equity, in which the summonses had been served while the suits were pending in the state court. The cases were subsequently removed to the United States Circuit Court on the ground of diversity of citizenship. In that court they were dismissed because the summonses were not legally served upon the Mathieson Company. A writ of error was sued out of the Supreme Court to re-

verse the judgment at law, and a direct appeal was taken to that court from the decree in equity. The Supreme Court took jurisdiction of both cases, and determined the jurisdictional questions presented by the insufficient service of the processes upon their merits under section 5 of the act of March 3, 1891. These cases present facts substantially similar to those which condition the case in hand, and they are practically conclusive of the question before us. It is true that no objection to the jurisdiction of the Supreme Court was made in these cases, but the Supreme Court has not exhibited so rapacious a disposition to review cases in which its jurisdiction was doubtful since the establishment of the Circuit Courts of Appeals, as to inspire any confident belief that it would have failed to perceive its lack of jurisdiction in these cases without any prompting, if any such lack had existed.

Our conclusion is that the Supreme Court has jurisdiction under section 5 of the act creating the Circuit Courts of Appeals to review by writs of error or appeals taken directly to that court from the United States Circuit Court every question which involves the jurisdiction of the latter court, whether that question is peculiar to the federal courts as such or common to all courts, and that the question whether a summons was legally served on a defendant is such a jurisdictional question whether it was served while the action was pending in the state or in the federal court. Shepard v. Adams, 168 U. S. 618, 623, 18 Sup. Ct. 214, 42 L. Ed. 602; Conley v. Mathieson Alkali Works, 23 Sup. Ct. 728, 47 L. Ed. 1113; Geer v. Mathieson Alkali Works, 23 Sup. Ct. 807, 47 L. Ed. 1122; Evans-Snider-Buel Co. v. McCaskill, 101 Fed. 658, 41 C. C. A. 577; Dudley v. Board of Commissioners of Lake Co., 103 Fed. 209, 43 C. C. A. 184; Davis & Rankin Bldg. & Mfg. Co. v. Barber, 60 Fed. 465, 9 C. C. A. 79; Cabot v. McMaster, 65 Fed. 533, 13 C. C. A. 39; U. S. v. Severens, 71 Fed. 768, 18 C. C. A. 314; Hays v. Richardson (C. C. A.) 121 Fed. 536.

The second objection to the dismissal of the writ is that the Circuit Courts of Appeals are given jurisdiction by section 6 of the act creating them to review all jurisdictional questions which arise in the Circuit and District Courts of the United States in cases in which their jurisdiction is based solely on diversity of citizenship. A careful reading of section 6, however, discloses no such grant of power. Upon this subject that section provides only that the Circuit Courts of Appeals "shall exercise appellate jurisdiction to review by appeal or writ of error final decision in the * * * existing Circuit Courts in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law, and the judgments or decrees of the Circuit Courts of Appeals shall be final * * * in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy being aliens and citizens of the United States or citizens of different states." But it is only in cases not provided for by the preceding section that the Circuit Courts of Appeals are given appellate jurisdiction, and no case in which jurisdiction of the Circuit Court is in issue falls in the class of cases not provided for by section 5. Therefore, under the first rule in Evans-Snider-Buel Co. v. McCaskill, 101 Fed. 658, 41 C.

C. A. 577, the Circuit Courts of Appeals have no jurisdiction of any case involving the jurisdiction of the Circuit Court where that court has dismissed the suit upon the ground of lack of jurisdiction. Section 6 does provide that in cases in which the jurisdiction of the Circuit Court is founded on diversity of citizenship the judgments and decrees of the Circuit Courts of Appeals shall be final. But this provision in no way limits the jurisdiction of the Supreme Court under section 5, nor does it enlarge the appellate jurisdiction of the Courts of Appeals. The very question was before the Supreme Court in the Mathieson Alkali Works Cases, 23 Sup. Ct. 728, 47 L. Ed. ——, and 23 Sup. Ct. 807, 47 L. Ed. ——, although it was not suggested or discussed. The jurisdiction of the Circuit Court in those cases was founded solely on diverse citizenship, yet the Supreme Court exercised jurisdiction to review the question whether or not the summonses were legally served on a writ and an appeal from the Circuit Court directly to the Supreme Court. The act of Congress itself and these decisions point unerringly to the conclusion that questions involving the jurisdiction of the Circuit and District Courts in cases in which their jurisdiction as federal courts rests solely on diversity of citizenship are reviewable by the Supreme Court, under section 5, to the same extent and in the same manner as questions involving the jurisdiction of those courts in cases in which their jurisdiction as federal courts is based upon other grounds.

The cases of American Sugar Refining Co. v. New Orleans, 181 U. S. 277, 281, 21 Sup. Ct. 646, 45 L. Ed. 859, and Ayres v. Polsdorfer, 187 U. S. 585, 23 Sup. Ct. 196, 47 L. Ed. 314, do not lead to a different result. The question there considered was the jurisdiction of the Circuit Courts of Appeals to hear and determine constitutional questions arising in cases in which the jurisdiction of the Circuit Courts was founded on diversity of citizenship. The jurisdiction of the Circuit Courts over the subject-matters and the parties to the suits was not challenged or in issue in those cases, and, as the Supreme Court well said in Ayres v. Polsdorfer at page 595, 187 U. S., page 200, 23 Sup. Ct., 47 L. Ed. 314, "as to such questions other rules apply than those we have expressed in this opinion." As the rules stated in those opinions have no application to the question in hand, it is useless to review or discuss them.

The result is that this writ of error was sued out to review a judgment of a Circuit Court which sustained an objection to its jurisdiction and dismissed the action on that ground, that the Supreme Court had jurisdiction to review that judgment by writ of error direct to the Circuit Court, and therefore this court has no such jurisdiction. Dudley v. Board of Com'rs, 103 Fed. 209, 43 C. C. A. 184.

The writ of error must accordingly be dismissed, and it is so ordered.