### VIQUESNEY et al. v. ALLEN.

(Circuit Court of Appeals, Fourth Circuit. May 27, 1904.)

No. 510.

1. APPEAL—JUDGMENT—DEMURRER.

Where an order sustaining a demurrer to a bill for want of jurisdiction was in favor of appellants, who appealed from other orders and a final decree, appellee could not object that the Circuit Court of Appeals had no jurisdiction of the appeal, on the ground that the question of jurisdiction could only be reviewed by the Supreme Court.

2. SAME—FINAL DECREE.

Where a bill in equity was dismissed, and an order entered discharging a receiver and providing for the payment of costs, every question having been disposed of in so far as the trial court was concerned, it was a final decree, and therefore appealable.

3. FRAUDULENT CONVEYANCES—EQUITY—SIMPLE-CONTRACT CREDITOR—RIGHT TO SUE.

A simple-contract creditor cannot maintain a bill in equity in the federal Circuit Court to set aside fraudulent conveyances of his debtor's property, and to have the same administered by a receiver.

4. SAME—BANKRUPT ACT—CONSTRUCTION.

Bankr. Act, § 23a (Act July 1, 1898, c. 541, 30 Stat. 552, 553 [U. S. Comp. St. 1901, p. 3431]), providing that suits may be prosecuted in the federal

---

¶ 2. What decrees are final, see note to Brush Electric Co. v. Electric Imp. Co. of San Jose, 2 C. C. A. 379.

or state courts to determine adverse claims to the property of the bankrupt, and section 23b, providing that suits by a trustee in bankruptcy shall only be brought or prosecuted in the courts where the bankrupt whose estate is being administered by such trustee might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, relate only to suits brought by trustees in bankruptcy, and do not authorize the maintenance of a bill by a simple-contract creditor to set aside alleged fraudulent conveyances in aid of a bankruptcy proceeding against the grantor.

Appeal from the Circuit Court of the United States for the Northern District of West Virginia.

V. B. Archer, for appellants.

W. T. George, for appellee.

Before GOFF, Circuit Judge, and PURNELL and McDOWELL, District Judges.

McDOWELL, District Judge. The appellee (complainant below) on March 7, 1903, filed in the court below his bill in equity against one Latham and the appellants. The bill, setting out requisite diversity of citizenship, alleges that complainant is a simple-contract creditor of the defendant Latham to an amount exceeding $2,000, and that Latham, who had been doing business as a general merchant, had, with intent to defraud his creditors, on January 29, 1903, transferred and delivered all of his property, consisting chiefly of his stock of merchandise, to the Viquesneys. It is further averred that complainant had contemplated filing a petition in the bankrupt court against said Latham, but "learned that such proceedings were being instituted by other creditors of said Latham." The prayer is that an injunction be granted. that a receiver be appointed to take charge of the stock of merchandise and other property, that this proceeding "be treated as an ancillary proceeding to the bankruptcy proceeding which has been instituted," that the sale by Latham to the appellants be set aside, and that the property be sold, and the proceeds be turned over to the trustee in the bankruptcy proceeding. On the day the bill was filed, a decree was entered appointing L. V. Holsberry as receiver, and directing him to take charge of the property and to carry on the business. The marshal was by this decree directed to put the receiver in full possession and control. Bond was required of the receiver, and, conditioned upon the execution of an injunction bond by the complainant, the Viquesneys were enjoined from in any manner interfering with the receiver. Both of these bonds were executed and filed on the day this decree was entered (March 7, 1903), and subpœnas, returnable to the first Monday in April, 1903, were issued against the defendants. It appears that the receiver took possession very shortly after his appointment. On March 20, 1903, notice was given by the Viquesneys that they would on March 24th move for the dissolution of the injunction, for the discharge of the receiver, and the substitution therefor of a bond. On March 24, 1903, an order was entered reciting that the Viquesneys then tendered their answer, which was ordered filed; that said defendants moved as set out in said notice, and filed affidavits in support of said motion; and that the complainant filed counter affidavits. The decree then directed the receiver to

cease making sales, and directed that he make and report an inventory. Except that the parties are given leave to file additional affidavits, no further action was then taken. On June 19, 1903, a decree was entered allowing the Viquesneys to withdraw their answer and file a demurrer. This was done, joinder in demurrer was filed, and the issue set down for argument. On July 8, 1903, an order was entered, which, after reciting that bankruptcy proceedings had been, since the institution of this suit, "taken" against Latham in the District Court for the Northern District of West Virginia, and that the court is of opinion that the bankruptcy court should settle all matters as to the title of the property, discharges the receiver, and directs him to turn over all the property and the proceeds of sales thereof to G. C. Holdsberry, trustee in the bankruptcy case. This decree also modifies the injunction to the extent of directing the receiver to surrender the property to the trustee in bankruptcy. On August 5, 1903, a decree was entered, which, without stating the grounds therefor, sustains the demurrer and dismisses the cause at the cost of complainant. This decree also makes an allowance to the receiver for necessary expenses incurred by him of $394.36, and, it being recited that the receiver had, under the decree of July 8th, delivered all the property and funds to the trustee in bankruptcy, directs the trustee in bankruptcy to pay to the receiver the said sum, if the trustee still has the money in his hands, or, if he has already paid the fund over to the Viquesneys, that they shall pay to the receiver the said sum. An appeal was prayed and allowed to the decrees of March 7th, July 8th, and August 5th. The errors assigned are, in brief, that the court below erred in appointing the receiver and directing him to take the property of the defendants, in directing the receiver to deliver the property to the trustee in bankruptcy, and in directing that the receiver's expenses should be paid either out of the proceeds of sales of the property, or by the trustee in bankruptcy out of such proceeds, or by the defendants.

We are met at the outset of our consideration of this cause by an objection on behalf of the appellee that this court has no jurisdiction of this appeal. It is said that the jurisdiction of the court below is in issue, and that only the Supreme Court has jurisdiction of this appeal. We assume that the court below sustained the demurrer because there was no jurisdiction. But this decision is not appealed from. It was in favor of the appellants. We find nothing here to support the view that this court is without jurisdiction of this appeal. McLish v. Roff, 141 U. S. 663, 12 Sup. Ct. 118, 35 L. Ed. 893; Carey v. Houston R. Co., 150 U. S. 170–179, 14 Sup. Ct. 63, 37 L. Ed. 1041; U. S. v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87; Green v. Mills, 69 Fed. 852, 16 C. C. A. 516, 30 L. R. A. 90; Evans v. McCaskill, 101 Fed. 658, 41 C. C. A. 577; Dudley v. Board, 103 Fed. 209, 43 C. C. A. 184; Watkins v. King, 118 Fed. 531, 55 C. C. A. 290.

There is also no question of the finality of the last decree rendered by the court below. Every question has been disposed of, so far as that court is concerned. The cause has been dismissed, and orders made for the payment of the receiver. Nothing except to execute that decree remains to be done by the trial court.

We are satisfied that the bill did not show a cause of equitable cognizance. The complainant was a mere simple-contract creditor. In Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358, the facts were closely similar to the facts in the case at bar. There a simple-contract creditor filed a bill in equity in the federal Circuit Court to have set aside a fraudulent conveyance of real estate made by his debtor, and to have the land sold for the satisfaction of the complainant's debt. The court said:

"In all cases where a court of equity interferes to aid the enforcement of a remedy at law, there must be an acknowledged debt, or one established by a judgment rendered, accompanied by a right to the appropriation of the property of the debtor for its payment, or, to speak with greater accuracy, there must be, in addition to such acknowledged or established debt, an interest in the property, or a lien thereon created by contract or by some distinct legal proceeding. Smith v. Railroad Co., 99 U. S. 398, 401 [25 L. Ed. 437]; Angell v. Draper, 1 Vern. 398, 399; Shirley v. Watts, 3 Atk. 200; Wiggins v. Armstrong, 2 Johns. Ch. 144; McElwain v. Willis, 9 Wend. 548, 556; Crippen v. Hudson, 3 Kern. 161; Jones v. Green, 1 Wall. 330 [17 L. Ed. 553]. In Wiggins v. Armstrong, Chancellor Kent held that a creditor at large, or before judgment, was not entitled to the interference of a court of equity by injunction to prevent the debtor from disposing of his property in fraud of the creditor; citing some of the above authorities, and stating that the reason of the rule seemed to be that, until the creditor had established his title, he had no right to interfere, and it would lead to unnecessary and perhaps a fruitless and oppressive interruption of the debtor's rights; adding, 'Unless he has a certain claim upon the property of the debtor, he has no concern with his frauds.' It is the existence, before the suit in equity is instituted, of a lien upon or interest in the property, created by contract or by contribution to its value by labor or material, or by judicial proceedings had, which distinguishes cases for the enforcement of such lien or interest from the case at bar."

In Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 37 L. Ed. 804, the facts were essentially the same as in the case at bar. Simple-contract creditors filed a bill in equity in the federal court, alleging a fraudulent assignment by the debtor; praying for an injunction, for the appointment of a receiver, and that the assigned property be subjected to complainants' debts. The court said at page 457, 149 U. S., and page 884, 13 Sup. Ct., 37 L. Ed. 804:

"The principle that a general creditor cannot assail, as fraudulent against creditors, an assignment or transfer of property made by his debtor, until the creditor has first established his debt by the judgment of a court of competent jurisdiction, and has either acquired a lien upon the property, or is in a situation to perfect a lien thereon and subject it to the payment of his judgment, upon the removal of the obstacle presented by the fraudulent assignment or transfer, is elementary. Waite on Fraud. Con. § 73, and cases cited. The existence of judgment, or of judgment and execution, is necessary, first, as adjudicating and definitely establishing the legal demand; and, second, as exhausting the legal remedy."

In Hollins v. Brierfield Co., 150 U. S. 371–378, 14 Sup. Ct. 127–130, 37 L. Ed. 1113, it is said:

"The plaintiffs were simple-contract creditors of the company. Their claims had not been reduced to judgment, and they had no express lien by mortgage, trust deed, or otherwise. It is the settled law of this court that such creditors cannot come into a court of equity to obtain the seizure of the property of their debtor, and its application to the satisfaction of their claims."

See, also, Putney v. Whitmire (C. C.) 66 Fed. 388; Tompkins v. Catawba Mills (C. C.) 82 Fed. 782, 783; First National Bank v. Prager, 91 Fed. 692, 34 C. C. A. 51.

It is seemingly contended by the appellee that the bankruptcy act gave jurisdiction of this cause to the Circuit Court. But we find nothing there which can avail the appellee. It is doubtful, from this record, whether the bankruptcy proceeding had been instituted before the amendment to the act took effect. But the question is of no importance. Neither the original bankruptcy act nor the amendment seems to us to afford any ground for the contention of the appellee. The original act (section 23a, Act July 1, 1898, c. 541, 30 Stat. 552, 553 [U. S. Comp. St. 1901, p. 3431]) relates only to controversies between the trustee in bankruptcy and adverse claimants to property acquired or claimed by the trustee. So, also, 23b relates only to suits brought by trustees in bankruptcy. And the amendment, if applicable here, likewise only applies to suits by trustees in bankruptcy.

The court below was plainly right in sustaining the demurrer and in dismissing the cause. We are of opinion, however, that the learned trial court inadvertently erred in decreeing that the expenses of the receiver should be paid out of the proceeds of sales, and also in directing that the property and funds in controversy be put into the possession of the trustee in bankruptcy. We are of opinion that the court below should have decreed the restoration of the property and funds to the Viquesneys, and should have directed that the expenses of the receiver be paid by the complainant below.

The decrees appealed from will be reversed in the respects above mentioned, and the cause remanded. Reversed.