PECKHAM v. HENKEL, U. S. Marshal, et al.

(Circuit Court, S. D. New York. January 8, 1909.)

1. CRIMINAL LAW (§ 242*)—INDICTMENTS IN DIFFERENT JURISDICTIONS—REMOVAL OF ACCUSED FOR TRIAL.

Where accused was indicted in 1908 in the District of Columbia for conspiracy to commit an offense against the United States at a different time and under different circumstances from other conspiracies and offenses for which he was indicted in the Northern district of New York in 1905, on which a stay had been granted pending the determination of an appeal to the Circuit Court of Appeals, the removal of accused to the District of Columbia for trial under the 1908 indictments did not constitute an evasion of the stay.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 509; Dec. Dig. § 242.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CRIMINAL LAW (§ 242*)—COMITY—REMOVAL OF ACCUSED.

The removal of accused to the District of Columbia for trial under indictments found there was no disrespect to the order of the District Court of the Northern District of New York staying proceedings under earlier indictments in that district, where that court, as well as the District Court for the Southern District of New York, were acting in aid of the removal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 509; Dec. Dig. § 242.*]

3. CRIMINAL LAW (§ 242*)—TRIAL—REMOVAL OF ACCUSED.

Where accused was indicted in the District of Columbia and also in the Southern district of New York, he had no right to resist removal from the latter district to the District of Columbia; the question being one for the court, which it could waive.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 509; Dec. Dig. § 242.*]

Habeas Corpus.

Nash Rockwood and Max D. Steuer, for petitioner.

Henry L. Stimson, U. S. Atty., for respondents.

WARD, Circuit Judge. This case is like that of Haas v. Henkel, 166 Fed. 621, in which an opinion has been handed down, except in two particulars: First, it involves no application for the introduction of additional testimony; second, the petitioner is already under an order of removal to the District of Columbia granted by the District Court for the Northern District of New York, which is stayed until the determination of his appeal to the Circuit Court of Appeals.

If the indictments found in 1905, under which the removal has been ordered, were for the same offenses as the indictments found in 1908, now under consideration, it would plainly be an evasion of the stay granted in the Northern district of New York to remove the petitioner under the subsequent indictments. But the 1905 indictments, under which he has been ordered to be removed, charge a conspiracy at a different time to commit different offenses from the conspiracy and offenses charged in the 1908 indictments. So, if it were now sought to remove the petitioner to a different district from that to which he has already been ordered to be removed for trial, it would, no doubt, be proper to remove him for trial under the original order. In re Beavers (D. C.) 125 Fed. 198; Taylor v. Taintor, 16 Wall. 371, 21 L. Ed. 287. But he is triable under both sets of indictments in the same place, viz., the District of Columbia.

It is further suggested that removal under the 1908 indictments found in the District of Columbia would be a disrespect of the order of the District Court for the Northern District of New York under the 1905 indictments; but that court, as well as the District Court for the Southern District of New York, is acting in aid of the same court, and it is not perceived how granting its request can be so regarded, nor how the petitioner can in any way be injured thereby. If the order heretofore granted to remove him is sustained by the Circuit Court of Appeals, he will not be injured by a present removal to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

District of Columbia. On the other hand, if it is reversed, he will still be subject to removal under the 1908 indictments.

Finally, it is said that the petitioner should not be removed for trial to the District of Columbia because of the indictments that have been found against him in the Southern district of New York. But this is a right, not of the petitioner, but of the court, and may be waived. Beavers v. Haubert, 198 U. S. 77, 25 Sup. Ct. 573, 49 L. Ed. 950.

Therefore, for the reasons stated in the case of Haas v. Henkel, the writ is discharged, and the petitioner remanded.