# RIVERA

*v.*

## SUN LIFE ASSURANCE COMPANY.

---

San Juan, Law, No. 999.

PETITION FOR WRIT OF ERROR.

District Court—Appeal.

1. Circuit court of appeals has appellate jurisdiction to review upon writ of error final decisions in all cases than those in which writs are taken direct to the Supreme Court, as to jurisdiction, prize, and constitutional questions.

Rivera v. Sun Life Assurance Co.

Writ of Error—Practice.

 2. The theory of a writ of error is that it is issued by the appellate court; and, although in practice it is issued in the lower court in the name of the president and attested by the chief justice, it is the writ of the court of review. It must be accompanied by assignment of errors and appropriate .bond, which cannot be criticized by the court, provided they raise real final questions.

Writ of Error—Final Decision.

 3. Where it is doubtful whether a decision is final, this court may nevertheless issue the writ and let the point be determined by a motion to dismiss above.

Opinion filed July 27, 1917.

***

*Mr. Cayetano Coll y Cuchi* for petitioning defendant.

*Mr. Willis Sweet* for plaintiff.

HAMILTON, Judge, delivered the following opinion:

It has previously been decided by the court that the judgment entered in this case in the name of the parties who have been substituted for the plaintiff as her representatives does not belong to them. They have, for reasons which seem proper to themselves, released their interest to the defendant; but it has been held by the court that they could not release the contract interest of the attorneys of the plaintiff, and that accordingly execution must issue on the judgment to the extent of the one-half interest which has been shown to belong to the attorneys in question. Whether this execution should in form be in favor of the plaintiffs or not has not been discussed. Probably the form would not be material, in as much as, even if

issued in the name of the plaintiff, it would be payable to the
plaintiff's attorneys, and apparently there would be no differ-
ence afterwards between the plaintiffs and the attorneys calling
for the intervention of the court.   Upon this condition of affairs
comes the application of the defendant for a writ of error from
the order of this court dated July 17, declining to deny the
previous application of the defendant that execution be not
issued.

1. Under the law covering the subject of review of lower
courts, it is provided that appeal lies from courts of equity and
the analogous bankruptcy cases.   Foster, Fed. Pr. 5th ed. §
687; Courtney v. Pradt, 87 C. C. A. 463, 160 Fed. 561; Swift
Fertilizer Works v. Okolona Cotton Oil Co. 108 C. C. A. 428,
186 Fed. 158.   The circuit court of appeals accordingly has
an appellate jurisdiction to review by writ of error final deci-
sions in the district courts in all cases other than those in which
writs may be taken direct to the Supreme Court.   Judicial Code,
§ 128.   By amendment of January, 1915, Porto Rico is in-
cluded within the first circuit for such purposes.   The appeals
to the Supreme Court are only as to jurisdiction of the court,
prize and constitutional questions.   Judicial Code, § 238.   The
question at bar, therefore, goes to the circuit court of appeals
if it can be reviewed at all.

2. The theory of a writ of error is that it is issued by the
appellate court through its clerk.   Foster, Fed. Pr. 5th ed. §
699.   In point of practice the writ is issued in the lower court
itself in the name of the President, attested in the name of the
chief justice.   It is the writ of the court of review, although
it is issued from the clerk's office of the district court to be
reviewed.   Mussina v. Cavazos, 6 Wall. 355, 18 L. ed. 810.

Rivera v. Sun Life Assurance Co.

It must be accompanied by an assignment of errors and by bond appropriate to the case, before it will be allowed. These requirements have been complied with in the case at bar. The court does not feel called upon to decide the validity of the assignments of error, either in form or substance, provided they seem to raise real, and not moot, questions. The law provides for a writ to review "final decisions;" and this expression of the Judiciary Act of March 3, 1891, has been held to be equivalent to the term "final decree," or "final judgment," as used in the earlier statutes. Cassatt v. Mitchell Coal & Coke Co. 10 L.R.A.(N.S.) 99, 81 C. C. A. 80, 150 Fed. 32; Webster Coal & Coke Co. v. Cassatt, 207 U. S. 181, 187, 52 L. ed. 160, 162, 28 Sup. Ct. Rep. 108. A writ of error "lieth when à man is grieved by an error in the foundation, proceeding, judgment or execution. . . . Without a judgment or an award in nature of a judgment no writ of error doth lie." 2 Co. Litt. 288b. An order striking a case from the docket cannot be reviewed by writ of error, because it is not final, the case being open to reinstatement. Loflin v. Ayres, 90 C. C. A. 603, 164 Fed. 841. The judgment of nonsuit is a final judgment, subject to review. Connecticut F. Ins. Co. v. Manning, 101 C. C. A. 107, 177 Fed. 893. An order setting aside a verdict and granting a new trial is not final and therefore cannot be so reviewed. Clement v. Wilson, 68 C. C. A. 387, 135 Fed. 749. The dismissal of a bill in equity and discharging the receiver disposes of every question in the case, and is therefore an appealable final decree. Viquesney v. Allen, 65 C. C. A. 259, 131 Fed. 21. A decree on a master's report fixing the amount and priority of claims against an insolvent corporation,

and directing distribution of the fund, is a final decree, and is appealable. Halsted v. Forest Hill Co. 109 Fed. 820.

3. In the case at bar there had been an appeal to the Supreme Court and an affirmance of the main judgment. This judgment stands as a record of the highest nature, and cannot be questioned collaterally in any way. Therefore all argument and all evidence on motions seeking to show that the judgment was obtained upon a fraudulent claim cannot be considered. It may well be that there may be some direct proceeding to review or set aside the judgment for fraud, unless that question has already been passed upon by a court and jury. This point is not at present before the court. The only question was and is as to who the judgment belongs to, and therefore to whom it pertains to control the issue of execution on the judgment. This was not before the Supreme Court, and has not been before this court except in certain proceedings looking to enforcement of the judgment. The court has decided that the judgment must stand, and execution must issue thereon to the extent of the one half agreed by the plaintiff to be paid to her attorneys, and this was the order that was entered July 17. It is obvious that this point has not been determined by this court previously or by the Supreme Court. It is a question of fact, and is a decision adverse to the defendant to the extent of $2,500 and interest. If the court is wrong, there should be some method of review. Is it by writ of error? It has been held that in the courts of the United States the refusal to quash an execution is not a final judgment, and therefore cannot be reviewed on a writ of error. Noojin v. United States, 90 C. C. A. 513, 164 Fed. 692; Boyle v. Zacharie, 6 Pet. 635, 657, 8 L. ed. 527, 535. In New York Chancellor Kent held that it was not an uncom-

Rivera v. Sun Life Assurance Co.

mon thing for a court of law in a difficult case to refuse to relieve a party after judgment and execution on motion only. Brooks v. Hunt, 17 Johns. 484. Chancellor Kent adds that the case should not go up on "such a strange mode of proceeding as that of a writ of error brought upon a motion and affidavit." State cases depend so much on local legislation as to be often unsatisfactory precedents. It would seem that if an execution is justified by the judgment, which this one certainly is, the remedy for a party who thinks himself aggrieved by a refusal to quash the execution is by mandamus from a superior court. McCargo v. Chapman, 20 How. 557, 15 L. ed. 1022. On the other hand, in the case at bar it is contended that the order of July 17, which was equivalent to a refusal to quash execution for the attorney's share of the judgment, was a "final decision," and therefore subject to a writ of error.

The court has strong doubts that this is true under the authorities above cited. The motion refused was, from one point of view, an attack upon the integrity of a final judgment of this court; and it would seem that this must be done, not by motion, but by some more orderly method of procedure. On account of the distance of Porto Rico, however, from the seat of the court of appeals, it would seem better for this court not to decide the question. The point can be as well raised in the circuit court of appeals by motion to dismiss the writ as it can here, and that course will save expense and delay. For this reason, therefore, the application for writ of error will be granted, but without any decision on the part of the court that this is the proper remedy, and without prejudice to any previous bond or proceedings.

It is so ordered.