### BAKER v. TOWN OF MANITOU, COLO.

(Circuit Court of Appeals, Eighth Circuit. December 31, 1921.)

No. 5751.

1. **Municipal corporations ⬅️741(1)—Minors are not excepted from requirement of giving notice of injuries.**

Under the Colorado statute requiring notice of injuries to be given to a municipal corporation as a condition precedent to recovery therefor, which does not except minors from its requirements, the courts cannot make an exception, and must deny recovery to minor who failed to give the notice.

2. **Constitutional law ⬅️70(3)—Courts cannot make exceptions, where Legislature has made none.**

Courts cannot make exceptions to statutes, where the Legislature has made none.

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by Frank Baker, by his next friend and special guardian, Monett Baker, against the Town of Manitou, Colo. Judgment for

defendant, on sustaining demurrer to the complaint, and plaintiff brings error. Affirmed.

J. A. Orr, of Colorado Springs, Colo., and T. J. Leahy and C. S. Macdonald, both of Pawhuska, Okl., for plaintiff in error.

C. W. Dolph and Martin M. Burns, both of Colorado Springs, Colo., for defendant in error.

Before CARLAND, Circuit Judge, and YOUMANS and JOHNSON, District Judges.

JOHNSON, District Judge. Plaintiff in error, a minor 16 years of age, brought suit by his next friend in the court below to recover damages for personal injuries alleged to have been suffered by him through the negligence of the defendant, the town of Manitou, Colo. Plaintiff was injured on the 31st day of July, 1918. Because of the seriousness of his injuries he was confined in bed under the care of surgeons until the 21st day of November, 1918. On the 13th of January, 1919, he served upon the mayor and board of trustees of the defendant a written notice of his injuries.

It is alleged in the complaint that because of his injuries it was not possible for him to have served this notice at an earlier date. A statute of the state of Colorado enacted in 1903 provides that:

"No action for the recovery of compensation for personal injury or death against any city of the first or second class or any town, on account of its negligence, shall be maintained unless written notice of the time, place and cause of injury is given to the clerk of the city, or recorder of the town, * * * within ninety (90) days and the action is commenced within two years from the occurrence of the accident causing the injury or death." Rev. St. Colo. 1908, § 6661.

The defendant demurred to the complaint of plaintiff on the ground that no written notice was given within 90 days from the occurrence of the accident causing plaintiff's injuries, as required by the statute. The court below sustained the demurrer and dismissed the action. Plaintiff brings error, and assigns the ruling of the court sustaining the demurrer of the defendant to the complaint as error.

It is the contention of plaintiff that his failure to serve the statutory notice within 90 days from the occurrence of the accident is not a bar to his right of recovery because it appears: (a) That he is a minor; (b) that by reason of his physical condition he was unable to serve the notice, or cause it to be served, within the time specified in the statute. Under one or the other of the heads above noted counsel for plaintiff have cited, among others, the following cases supporting their contention: McDonald v. City of Spring Valley, 285 Ill. 52, 120 N. E. 476, 2 A. L. R. 1359; Murphy v. Village of Ft. Edward, 213 N. Y. 397, 107 N. E. 716, Ann. Cas. 1916C, 1040; Forsyth v. City of Oswego, 191 N. Y. 441, 84 N. E. 392, 123 Am. St. Rep. 605; Born v. City of Spokane, 27 Wash. 719, 68 Pac. 386; Terrill v. Washington, 158 N. C. 281, 73 S. E. 888.

[1] The questions decided in these cases have not been passed upon by the Supreme Court of Colorado. However, in discussing other

requirements of a statute of similar import which was repealed by the present statute, that court said:

"Municipal corporations organized, as is the city of Colorado Springs, under the general municipal incorporation act, have such rights and powers, and are subject to such obligations and liabilities as the General Assembly sees fit to give or impose. For damages incurred by injuries upon its streets or sidewalks the General Assembly may or may not, impose an obligation upon them to respond therefor. It is competent, therefore, for the General Assembly to pass statutes like these we are considering, making it a condition precedent to the attaching of liability for such injuries, or the right to sue therefor, the giving of a notice of this character." City of Colorado Springs v. Neville, 42 Colo. 219, 93 Pac. 1096.

The right of a minor to maintain a suit for personal injuries, who had failed to give notice within the time specified in a statute of Iowa, was considered by this court in Morgan v. City of Des Moines, 60 Fed. 208, 8 C. C. A. 569, where it is said:

"The act of February 17, 1888, is not an amendment of any previous act on the subject to which it relates. It is new and independent legislation, and complete in itself. It establishes the rule for the class of cases to which it relates. The power of the Legislature to enact the statute is not questioned. It would be entirely competent for the Legislature to enact a general statute of limitations putting minors and adults on the same footing as to all causes of action, and such would be the legal effect of a statute which contained no saving clause exempting infants from its operation. This principle has never been questioned. * * * Technically, an infant cannot maintain a suit, and, in contemplation of law, is ignorant of his rights; but, in fact and in practice, infants, through their guardians and next friends, are commonly the most diligent and persistent of suitors, and the instances are few where any meritorious right is allowed to slumber. The self-interest of those who desire to administer the infant's estate usually results in a speedy action for its recovery. But, however this may be, the argument against the justice and wisdom of the statute which contains no saving clause in favor of infants must be addressed to the Legislature, and not to the courts."

In Shreve v. Cheesman, 69 Fed. 789, 16 C. C. A. 417, this court said:

"Where the Legislature has made no exception to the positive terms of a general statute, the conclusive presumption is that it intended to make none, and it is not the province of the courts to do so."

This language has in substance been so frequently repeated by this court that it has almost become a legal maxim in this jurisdiction. Pearsall v. Great Northern Ry. Co. (C. C.) 73 Fed. 940; Robt. J. Boyd P. & C. Co. v. Ward, 85 Fed. 35, 28 C. C. A. 667; Wrightman v. Boone County, 88 Fed. 436, 31 C. C. A. 570; Lafayette County v. Wonderly, 92 Fed. 316, 34 C. C. A. 360; St. Louis Cotton Compress Co. v. American Cotton Co., 125 Fed. 199, 60 C. C. A. 80; Schauble v. Schulz, 137 Fed. 389, 69 C. C. A. 581; United States v. Alamogordo Lumber Co., 202 Fed. 706, 121 C. C. A. 162.

[2] Under statutes similar to the one now under consideration the rule that it is not the province of courts to make exceptions where the Legislature has made none, has been declared and applied in Peoples v. City of Valparaiso, 178 Ind. 673, 100 N. E. 70, and Ellis v. City of Kearney, 80 Neb. 51, 113 N. W. 803. In the case of Peoples v. City of Valparaiso, the court said:

"That the ends of justice might be the better subserved by making exceptions in cases such as this, and possibly others, appears scarcely open to controversy; but the making of such exceptions is a duty solely devolving on the legislative department of our government, and courts cannot rightfully modify the terms of a statute, however meritorious such modification may appear."

The court below did not err in sustaining the demurrer to the complaint.

Judgment affirmed.